**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

_____

| | | |
|---|---|---|
| GREGORY PAGE, on behalf of | ) | |
| himself and all others similarly situated | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, NA | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

_____

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1.      This action for damages and other legal and equitable remedies results from the illegal actions of Wells Fargo Bank, NA (hereinafter referred to as "Wells Fargo" or "Defendant") in sending unauthorized telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and pre-recorded or artificial voice messages in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2.      "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls."   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012)(internal citations omitted).   In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3.      Defendant has caused Plaintiff and the putative class actual harm, not only because they were subjected to the aggravation that necessarily accompanies these messages, but

also because plaintiff and the putative class have to pay their cell phone service providers for the use of their cellular telephones and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, 47 U.S.C. § 227 (TCPA).   Venue in this District is proper because Plaintiff resides here and Defendant transacts business here.

## PARTIES

5.      Plaintiff Gregory Page ("Page") is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6.      At all times relevant, Page was an individual residing in the State of Illinois. Page is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

7.      Defendant Wells Fargo Bank, NA is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

8.      Wells Fargo Bank, NA is a national bank that maintains its headquarters in Sioux Falls, SD. Wells Fargo maintains a retail banking locations in the state of Illinois and within this district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

9.      As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.      The plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the

2

use of prerecorded messages to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## FACTUAL BACKGROUND

12.     Wells Fargo is no stranger to TCPA litigation.   Pending Final Approval is Wells Fargo's class action settlement with over 4 million class members for calls relating to its credit cards accounts.   *See Franklin et al v. Wells Fargo Bank NA*, 3:14-cv-02349 (S.D. Ca.)(Set for final approval on August 3, 2015).   In 2012, Wells Fargo settled another TCPA class action. *Allen v. Wells Fargo Auto Finance Inc.*, case number 10-cv-02657 (S.D. Ca.)

13.     Plaintiff has a mortgage which is serviced by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, NA.

14.     In or around May 2015 Plaintiff began to receive calls on his cellular telephone from Defendant regarding an allegedly late or missed payment for his mortgage.

15.     In fact Plaintiff had pre-paid his loan a month ahead of time, however Defendant misapplied the funds from his payment and did not properly notate his account.

16.     During the second of these communications, Plaintiff notified Defendant that his account was current and requested that Defendant not contact his cellular telephone number.

17.    Despite Plaintiff's notice, Defendant continued to telephone Plaintiff on his cellular telephone number in an attempt to collect an allegedly delinquent mortgage payment.

18.    Defendant placed at least eleven telephone calls to Plaintiff's cellular telephone number after Plaintiff notified Defendant that he did not owe a delinquent payment and requested that the calls to his cellular phone cease.

19.    The above referenced calls were all made using an automated telephone dialing system.

20.    Many of the above referenced telephone calls that Defendant placed to Plaintiff's cellular telephone number were placed using a pre-recorded or artificial voice message.

21.    Defendant did not have consent to call Plaintiff on his cellular telephone number because Plaintiff had revoked consent to receive such calls.

**CLASS ALLEGATIONS**

22.    Plaintiff defines the class, subject to amendment, as follows:

(1) All persons in the United States (2) to whose cellular telephone number (3) Wells Fargo placed a non-emergency telephone call (4) using an automated telephone dialing system or an artificial or pre-recorded voice message (5) within 4 years of the complaint (6) without prior express consent or when consent has been revoked.

23.    Plaintiff seeks to represent and is a member of the proposed Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.    Also excluded from the class are any claims that were released as a result of either *Franklin et al v. Wells Fargo Bank NA*, 3:14-cv-02349 (S.D. Ca.) or *Allen v. Wells Fargo Auto Finance Inc.*, case number 10-cv-02657 (S.D. Ca.).

4

24.     Plaintiff does not know the exact number of members in the Class, but based upon the nature of the call to plaintiff, the size of Defendant, the size of the prior class settlements and the fact that some of the message was pre-recorded, Plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

25.     Plaintiff and all members of the class have been harmed by the acts of Defendant.

26.     This Class Action Complaint seeks money damages and injunctive relief.

27.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Wells Fargo.

28.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

a.      Whether Wells Fargo used an automated telephone dialing system;

b.      Whether Wells Fargo engaged in a pattern of sending an artificial or pre-recorded voice messages to cellular telephone numbers;

c.      Whether Wells Fargo had consent without express consent to send such messages;

d.      Whether Wells Fargo ignored the revocation of consent to place such calls;

c.      Whether Wells Fargo thereby violated the TCPA;

29. As a person who received pre-recorded messages from Wells Fargo, without his prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

30. Plaintiff has retained counsel experienced in handling class action claims involving violations of TCPA.

31. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

32. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I - TCPA

33. Plaintiff incorporates the above factual allegations herein.

34. Wells Fargo made telephone calls to the wireless telephone number of plaintiff and the other members of the class using automated telephone dialing systems and/or made calls with an artificial or pre-recorded voice messages.

35. These calls were sent without the prior express consent of plaintiff or the class or sent after any such consent was revoked.

36. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

37. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, the class and sub-class and against defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. Such other relief as the Court deems just and proper.

Respectfully submitted,
Gregory Page, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Timothy Sostrin

Michael Hilicki
Katherine Bowen
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois    60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh