# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY PAGE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 1:15-cv-06511<br><br>Hon. Judge Honorable Matthew F. Kennelly<br><br>**CLASS ACTION** |

## JOINT MOTION TO STAY CASE

Come now the parties, Plaintiff Gregory Page ("Plaintiff"), and Defendant, Wells Fargo Bank, N.A. ("Wells Fargo" and collectively the "Parties"), and submit this joint motion to the Court requesting that the case be stayed until January 16, 2016, and that the status conference currently set on October 19, 2015, be stricken with a new status conference set in late January, 2016, and all currently pending motions noted for that date.

## I.     BACKGROUND

### A.     Procedural History

Plaintiff filed this action (the "Lawsuit") on July 27, 2015, alleging violations of the Telephone Consumer Protection Act ("TCPA"). Dkt. No. 1. Also on July 27, 2015, Plaintiff filed a motion to certify his proposed class in this case. Dkt No. 4.

On August 5, 2015, the Court continued the Plaintiff's motion to certify to the date of the initial status conference in this case. Dkt No. 9. That motion is currently pending.

On September 28, 2015 Wells Fargo made its initial appearance in this action by moving to strike the Plaintiff's class allegations and seeking a more definite statement. Dkt Nos. 27-29. That motion is currently pending.

On October 14, 2015 Wells Fargo serve a Rule 68 offer of judgment to the Plaintiff. Wells Fargo contends that it has offered Plaintiff more than the full statutory recovery to which he would be entitled if he pursued this action to judgment, and has also offered appropriate injunctive relief.

**B.     Merits Discussions**

Since the time of the filing, the Parties have engaged in substantial, arms-length discussions regarding the merits of the Lawsuit, the issues associated with any attempt at class certification, the impact of Wells Fargo's Rule 68 offer of judgment, the governing law, and the prospects for settlement of this lawsuit.

**C.     Informal Discovery and the Potential for Protracted Formal Discovery**

The Parties have also agreed to engage in informal discovery in furtherance of their settlement discussions, including the exchange of documents and information pertaining to Plaintiff and members of the putative class alleged in the complaint. This informal discovery is ongoing.

The purpose of the Parties' informal discovery has been to allow each Party to fully analyze the other party's respective position and to facilitate meaningful settlement discussions, without prejudice to either party's rights in the event that settlement discussions are unsuccessful and formal discovery commences.

If formal discovery becomes necessary, Wells Fargo maintains that formal class discovery is likely to be voluminous, protracted and inappropriate given: (i) the lack of a viable class; (ii) the need for phased discovery; and (iii) the complete offer of relief that has been afforded to the named Plaintiff. Plaintiff does not agree with this contention.

### D. Mediation and Settlement Discussions

In addition to informal discovery, the Parties have also agreed to mediate the Lawsuit with a third-party mediator. Mediation will allow the Parties the opportunity to explore a resolution of the Lawsuit after informal discovery, but prior to what may be protracted and contentious formal discovery. Mediation of the case presents the possibility of an efficient resolution to the Lawsuit, thereby preserving valuable resources of the Parties and the Court.

To that end, the Parties are planning to engage a private mediator to conduct a private mediation on or about January 12, 2016, before Hunter Hughes III in Atlanta, Georgia. Leading up to the mediation, the Parties will engage in informal discovery and exchange information necessary to make the mediation productive.

### E. Offer of Judgment and *Campbell-Ewald*

In addition to the informal discovery, merits discussions, and planned mediation discussed above, on October 14, 2015, Wells Fargo served an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.

It is Wells Fargo's position that, because the offer of judgment remains open, it moots plaintiff's claim notwithstanding the Seventh Circuit's holding in *Chapman v. First Index, Inc.*, 796 F.3d 783, 787-88 (7th Cir. 2015).

The Supreme Court has recently granted certiorari in *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015), another TCPA case in which the defendant made an open offer of judgment, to determine, inter alia, "(1) whether a case becomes moot, and therefore outside of Article III, when the plaintiff receives an offer of complete relief on his claim[, and] (2) whether the answer to this first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified."

Petition for Writ of Certiorari, supra, *Campbell-Ewald*, 768 F.3d 871, cert. granted, 135 S. Ct. 2311. Wells Fargo contends that *Campbell-Ewald* will very likely be dispositive of the issue of standing in this case, and supports the parties request to stay this matter for mediation. Numerous district courts have elected to stay similar proceedings until a decision in *Campbell–Ewald* is reached. See, e.g., *Yaakov v. Varitronics, LLC,* No. 14-5008 ADM/FLN, 2015 WL 5092501, at *3 (D. Minn. Aug. 28, 2015); *Wolf v. Lyft, Inc*., No. 15-1441, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015); *Boise v. ACE USA., Inc.,* No. 15-Civ-21264, 2015 WL 4077433, at *5-6 (S.D. Fla. July 6, 2015); *Williams v. Elephant Ins. Co.,* No. 15-119, 2015 WL 3631691 (E.D. Va. May 27, 2015); *In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act. Litig,* MDL No. 1:13–MD-2493, Case No. 5:11-cv-00090-IMK-MJA (N.D. W. Va.). Each of these cases involves offers of settlement made at varying stages of the litigation process and present facts similar to the ones at hand in this action.

Plaintiff contends any rejection of Wells Fargo's offer of judgment would not moot his claim or deprive him of standing and that numerous Courts have refused to stay TCPA cases pending *Campbell-Ewald*. Further, the Seventh Circuit in *Chapman* rejected the notation to wait on any ruling in *Capbell-Edwald*: "The issue is before the Supreme Court in Gomez, and we think it best to clean up the law of this circuit promptly, rather than require Chapman and others in his position to wait another year for the Supreme Court's decision." *Chapman* at 786. So the law in the Seventh Circuit on this issue is clear and there is no need to wait another year to see if the law changes. Nevertheless Plaintiff agrees this case ought to be stayed to allow the parties to exchange informal discovery and proceed to mediation in January.

F.  **Article III Standing and *Spokeo***

Parties disagree as to whether Plaintiff has alleged conduct that has caused her any actual

injury, or injury-in-fact, sufficient to invoke standing under Article III of the United States Constitution.

The Supreme Court has recently granted certiorari in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). The question presented in *Spokeo* is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Spokeo, Inc. v. Robins*, 2013 U.S. Briefs 1339, at *1 (2015). The legal issue regarding whether Plaintiff has alleged a sufficient injury-in-fact for purposes of Article III may be resolved via the writ in *Spokeo*.

## II. JOINT REQUEST FOR A STAY

On the basis of the background facts set forth above, the Parties now jointly request that the Court stay the Lawsuit until mid-January 2016, to allow the parties time to conduct the scheduled mediation. The parties also request that the status conference currently set on October 19, 2015, be vacated with a new status conference set in late January 2016, and all currently pending motions noted for that date.

During the requested stay, the parties will continue to exchange informal discovery to enable the Parties to conduct an informed and productive mediation of the case.

In further support of the requested stay the Parties submit that, if the stay is not granted, the prosecution and defense of the Lawsuit will involve the significant expenditure of time and resources conducting formal discovery leading up to an eventual mediation. Wells Fargo also suggests that continued litigation of the Lawsuit will raise significant threshold issues regarding mootness and standing on which the Supreme Court may provide authoritative input in *Campbell-Ewald* and *Spokeo*.

Also in support of the requested stay the Parties submit that certain burdens on the Parties and the Court could potentially be avoided if the Court stays the case and allows time for mediation. The Parties submit that they are not requesting the stay for any dilatory purpose, as they have both been actively involved in the Lawsuit to date.

Dated this 14th day of October, 2015.

By: / Michael Bornhorst

Michelle V. Dohra
Michael Bornhorst
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
mdohra@mayerbrown.com
mbornhorst@mayerbrown.com

Eric J. Troutman, *pro hac vice* pending
Divya S. Gupta, *pro hac vice* pending
SEVERSON & WERSON
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
ejt@severson.com
dsg@severson.com

Attorneys for Defendant
Wells Fargo Bank, N.A.

/s/Keith J. Keogh

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
Keith@KeoghLaw.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2015, I caused the foregoing to be served on the Parties of Record via the Court's CM/ECF service, as well as by sending a paper copy of the same via UPS Overnight Delivery to the addresses below:

> Keith Keogh
> KEOGH LAW, LTD
> 55 W. Monroe St.
> Suite 3390
> Chicago, IL  60603

>  s/ Michael Bornhorst
> Michael Bornhorst